IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 12-cr-00043-RBJ-2

UNITED STATES OF AMERICA,

v.

ALEXANDRA WHITE,

Defendant.

## ORDER

The parties have jointly moved for reconsideration of the Court's order of December 21, 2012 rejecting a proposed plea agreement because it contained a waiver of Ms. White's right to appeal. For the reasons set forth herein the motion is granted.

**Facts**

Ms. White and her husband, David Gregory Dewitt, are the subjects of an 18-count indictment for drug dealing and weapons possession. The counts applicable to Ms. White are Count One (conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and an unspecified amount of cocaine); Counts Eight, Twelve, Fifteen, Sixteen, and Eighteen (distribution of methamphetamine on various dates); and Count Thirteen (unlawful possession of a firearm with an obliterated serial number). If convicted on Count One, she would face a minimum prison sentence of ten years to a maximum of life. The other courts carry their own potential prison terms.

The case is set for trial beginning March 11, 2013. However, the government and Ms. White agreed to a disposition of the charges against her by plea. In the plea agreement Ms.

White agreed to waive indictment and plead guilty to a criminal information that would charge one count of distribution of five grams or more of methamphetamine, punishable by a minimum of five and maximum of 40 years in prison; to cooperate fully with the government, including the provision of complete and truthful information and testimony if requested; and to waive her right to appeal.

The appeal waiver was subject to seven exceptions. She could appeal if (1) the Court imposes a sentence above the statutory maximum; (2) the Court departs or varies upwardly from the guideline range; (3) the Court imposes a sentence that exceeds the range provided from a total offense level of 28 (78 to 97 months); (4) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (5) defendant asserts that she was denied the effective assistance of counsel; (6) there is a claim of prosecutorial misconduct; or (7) the government appeals the sentence.

In exchange the government agreed, in addition to the reduced charge, conditionally to recommend that the Court depart from the applicable guideline range and impose a sentence of 47 to 58 months plus at least four years supervised release. This range would be recommended, notwithstanding the statutory minimum of five years, provided that Ms. White does provide "substantial assistance" to the government as anticipated, per 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

The Court rejected the proposed plea because of the appeal waiver, notwithstanding the arguments of both counsel. Defense counsel acknowledged that, in the abstract, he was not a fan of appeal waivers, and that Ms. White would accept the agreement without the waiver. However, presumably because his client was faced with the prospect of a very long prison sentence if she were convicted (which appears to be likely if the government can prove the facts

that Ms. White offered to admit in the plea agreement), he urged the Court to accept the plea agreement as presented. On behalf of his client defense counsel now urges the Court to reconsider and to accept the plea on the agreed terms.

**Conclusions**

Appeal waivers, if knowingly and voluntarily made, are enforceable, subject to certain exceptions that must be made to avoid a miscarriage of justice. *E.g., United States v. Hahn,* 359 F.3d 1315, 1324-27 (10th Cir. 2004)(en banc), *cert. denied* 130 S.Ct. 221 (2009). A miscarriage of justice would occur "[1] where the district court relied on an impermissible factor such as race; [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; [3] where the sentence exceeds the statutory maximum; or [4] where the waiver is otherwise unlawful." *United States v. Polly,* 630 F.3d 991, 1001 (10th Cir. 2011)(citation omitted). Absent any of those factors, however, appeal waivers have been said to be supported by strong public policy considerations. *Hahn,* 359 F.3d at 1318; *United States v. Elliott,* 264 F.3d 1171, 1173-74 (10th Cir. 2001).

The Tenth Circuit has not, however, held that district courts <u>must</u> accept appeal waivers, nor to my knowledge has any other circuit. Unless and until the law in this circuit is determined to be otherwise, I hold to the view that a district court may determine on a case by case basis, for sound policy reasons, whether a defendant's waiver of his or her right to appeal is acceptable. *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir. 1992). As my colleague Judge Kane put it, "the parties must provide case-specific reasons justifying inclusion of a waiver of the right to appeal in a plea agreement." *United States v. Villaneuva-Calderon,* No. 12CR235, 2012 WL 2501092, at *1 (D. Colo. June 28, 2012).

Inclusion of appeal waivers in plea agreements has become commonplace in this district. They seem to go hand in hand with the ubiquitous "acceptance of responsibility" discount attendant to virtually every plea, regardless whether the defendant truly accepts responsibility or simply agrees to plead guilty rather than putting the government to its proof. Judge Kane has articulated his reasons for opposing that practice. *Villanueva-Calderon, supra; United States v. Aguirre,* No. 11CR149, 2011 WL 3036126 (D. Colo. July 25, 2011).2012 WL 2501092 at *1. I expressed at the change of plea hearing in this case, as I have on other occasions, my general agreement with his thinking on the subject.

By the same token, if the government does provide specific reasons for an appeal waiver in a particular case, as opposed to the equivalent of "just because we can," it is incumbent on me to consider those reasons and to be prepared to provide a thoughtful explanation if I determine not to accept the waiver. On reflection, I did not do that in this case.

Ms. White agreed to cooperate with the government in the prosecution of a multi-count, very serious case against her husband. I am not in a position to reject the government's representation that her anticipated cooperation will substantially assist its prosecution of the co-defendant. Also, as defense counsel emphasizes, the plea agreement as tendered eliminates Ms. White's exposure to a very lengthy prison sentence, including a mandatory 10-year minimum. I conclude that the combination of those factors provides a sufficiently case-specific basis to justify the waiver in this case. I further conclude that the seven exceptions provided in the agreement satisfy the requirement that the waiver would not result in a miscarriage of justice.

**Order**

The joint motion #78 is GRANTED.  The parties may contact Chambers and set a new change of plea hearing.

DATED this 19th day of February, 2013.

BY THE COURT:

*Brooke Jackson*

_____

R. Brooke Jackson
United States District Judge